Gary M. Messing, Bar No. 75363
gary@majlabor.com
Jason H. Jasmine, No. 215757
jason@majlabor.com
**MESSING ADAM & JASMINE LLP**
Attorneys at Law
980 9th Street, Suite 380
Sacramento, California 95814
Telephone:   916.446.5297
Facsimile:    916.448.5047

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WEIST, on behalf of himself and all similarly situated individuals,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF DAVIS<br><br>  Defendant. | Case No.<br><br>**COLLECTIVE ACTION – 29 U.S.C. 216**<br><br>**COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT** |

**PRELIMINARY STATEMENT**

1. The Plaintiff is an employee of Defendant City of Davis ("the City") and he brings this action on behalf of himself and other individuals similarly situated. This action is brought pursuant to provisions of the Fair Labor Standards Act ("FLSA") to recover from Defendant unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit and reasonable attorney fees.

**JURISDICTION AND VENUE**

2. Jurisdiction of this action is conferred on this Court by 29 U.S.C. 216(b) and 28 U.S.C. section 1331. Venue lies within this district pursuant to 28 U.S.C. section 1391.

## PARTIES

3. Plaintiff is a current employee of the City.

4. Plaintiff brings this action on behalf of himself and other similarly situated individuals. Those individuals constitute a well-defined community of interest in the questions of law and fact in this case. The claims of the represented Plaintiff are typical of the claims of those similarly situated. Thus, the named Plaintiff will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class actions and FLSA litigation.

5. There is no conflict as to the individually named Plaintiff and other members of the class with respect to this action or with respect to the claims for relief herein set forth.

6. Pursuant to 29 U.S.C. sections 216(b) and 256, the named Plaintiff has executed and hereby files with the Court his consent in writing to become a party Plaintiff in this action, which is appended hereto as Exhibit A. When other similarly situated individuals join this action, their consents will be filed with the Court. These written consent forms set forth each Plaintiff's name and intent to be a party to this lawsuit.

7. Defendant, City of Davis, is a political subdivision of the State of California and employed the Plaintiff.

8. Defendant implemented an illegal compensation computation method, which undercounts Plaintiff's "regular rate" of pay. Defendant's method of calculating Plaintiff's "regular rate" of pay has resulted and continues to result in under-payment for overtime hours worked. Defendant permitted Plaintiff to perform overtime work without proper compensation.

## FACTUAL ALLEGATIONS

9. The Plaintiff in this action, while employed by the City, has been an "employee" within the meaning of 29 U.S.C. section 203(e)(1) within the last three (3) years, and, thus, entitled to rights, protections, and benefits provided under the FLSA.

10. The City uses a standard 40-hour work week for most of its employees with varying schedules for the purposes of calculating overtime. The City also employs a partial

Case 2:16-cv-01683-LEK   Document 1   Filed 07/20/16   Page 3 of 9

overtime exemption under 29 U.S.C section 207(k) for fire protection and law enforcement personnel.

11.   Plaintiff and similarly situated individuals receive hourly wages set by position within the City to compensate them for the time worked during their regularly-scheduled work hours.

12.   Plaintiff and similarly situated individuals are employees of the City who are non-exempt from overtime, and have all incurred some overtime during the time period in question.

13.   Pursuant to 29 U.S.C. section 207(e), the "regular rate" must include all remuneration received by an employee unless it is explicitly excluded.  The burden is on an employer to demonstrate that a payment is excludable from the regular rate. (*Madison v. Resources for Human Development* (3rd. Cir. 2000) 233 F.3d 175, 187.)

14.   Defendant's past and current practice of computing Plaintiff's overtime has impermissibly reduced the amount being paid to Plaintiff by failing to compute all statutorily required amounts into Plaintiff's "regular rate" of pay as defined by 29 U.S.C. section 207(e).

15.   As part of the compensation provided Plaintiff and other similarly situated individuals, Defendant makes a monthly amount available to each covered employee for the purchase of Cafeteria plan items.  Employees can take cash in-lieu by waiving all or a portion of this amount.

16.   For all of the monies paid in lieu of health care benefit consumption, Defendant placed no condition on use of these in-lieu payments.

17.   Defendant treated the payments to Plaintiff and those similarly situated as wages for the purposes of tax withholdings.

18.   Defendant has consistently failed to appropriately calculate Plaintiff's and similarly situated individuals' "regular rate" of pay.

19.   One example of Defendant's failure to appropriately calculate Plaintiff's and similarly situated individuals "regular rate" of pay is Defendants exclusion all of the remunerations it paid Plaintiff and similarly situated individuals who waived health care benefits and received cash in-lieu of contributions toward medical benefits.

-3-
FLSA COMPLAINT

20. Another example of Defendant's failure to appropriately calculate Plaintiff's and similarly situated individuals "regular rate" of pay is Defendant's failure to include compensation paid as a part of the cafeteria plan in the "regular rate" used to calculate their overtime compensation.

21. Pursuant to 29 U.S.C., section 207(e), Defendant is statutorily required to include all forms of remuneration in Plaintiff's "regular rate" of pay.

22. 29 U.S.C. section 207(e)(2) allows employers to exclude certain payments from the "regular rate" of pay. However, employers are not allowed to exclude monetary compensation paid to Plaintiff in lieu of contributions for medical benefits from their "regular rate" of pay.

23. Employers are allowed to exclude from the "regular rate" contributions they irrevocably make to a trustee or third person pursuant to a "bona fide plan" for providing health insurance benefits.

24. The Department of Labor's interpretation of the term "bona fide plan" is set forth in 29 C.F.R. section 778.215(a)(5), which states, in part:

> "The plan must not give an employee the right to assign his benefits under the plan nor the option to receive any part of the employer's contributions in cash instead of the benefits under the plan: Provided, however, that if a plan otherwise qualified as a bona fide benefit plan under section 7(e)(4) of the Act, it will still be regarded as a bona fide plan even though it provides, as an incidental part thereof, for the payment to an employee in case of all or part of the amount standing to his credit."

25. In *Flores v. City of San Gabriel*, 2016 WL 3090782, the Ninth Circuit Court of Appeals held that payments to employees in lieu of health benefits were not excludable from the "regular rate" of pay under either 29 U.S.C. sections 207(e)(2) or (e)(4). With respect to the exclusion codified in 207(e)(2) and its companion federal regulation, the court noted "Under § 778.224(a), a payment may not be excluded from the "regular rate" of pay pursuant to §207(e)(2) if it is generally understood as compensation for work, even though the payment is not directly tied to specific hours worked by an employee." (*Id.*) Further, the Court held that cash payments in lieu of health benefits are not excludable form the "regular rate" under 207(e)(4) because those payments do not have to be tied to specific hours of work or non-work.

26. Plaintiff alleges that payments Defendant made for Plaintiff and other similarly situated individuals' medical benefits were not made pursuant to a "bona fide plan" for the provision of medical benefits within the meaning of 29 U.S.C. section 207(e)(4) and 29 C.F.R. section 778.215.

27. Because the remunerations paid to Plaintiff in lieu of health benefits were not made for hours of work or made pursuant to a bona fide benefit plan, they must be included in the "regular rate" of pay for determining overtime compensation as required by the FLSA.

28. At all times relevant hereto, Defendant's practices did not include the monetary compensation it provided in lieu of health benefits into the "regular rate" of pay for the purposes of determining overtime compensation as required by the FLSA.

29. By excluding these in-lieu payments from the "regular rate" used to calculate overtime compensation paid to Plaintiff and other similarly situated individuals, Defendant failed to pay them one and one-half times their "regular rate" of pay for all hours of overtime they worked.

30. At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to properly compute and use the correct "regular rate" of pay in calculating overtime compensation owed to Plaintiff and similarly situated individuals.

31. Plaintiff therefore alleges Defendant and its agents and/or representatives willfully and knowingly violated the FLSA by continuing to exclude remunerations from the calculation of Plaintiff's and similarly situated individuals' "regular rate" of pay.

32. Defendant's continuing failure to properly compensate Plaintiff and similarly situated individuals was not in good faith and is a willful violation of the FLSA as it applies to employees of local governments.

33. As a result of the foregoing violations of FLSA, Plaintiff seeks damages for unpaid overtime, interest thereon, liquidated damages, costs of suit and reasonable attorney fees pursuant to 29 U.S.C. section 216(b).

## FIRST COUNT

### The City Has Violated 29 U.S.C. Section 207 by Failing to Accurately Calculate Plaintiff's Regular Rate and Overtime Rate of Compensation

34. Plaintiff hereby incorporates by reference paragraphs 1 through 33 in their entirety and restates them here.

35. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. section 201, *et seq*.

36. During the times where Plaintiff has worked hours in excess of their regular schedule, he has been entitled to overtime compensation at a rate of one and one-half times their regular rate of pay for each additional hour or fraction thereof worked. 29 U.S.C. section 207(k); 29 C.F.R. section 553.230.

37. Plaintiff's "regular rate" of pay from which the premium overtime rate of pay is derived must include "all remuneration for employment." 29 U.S.C. § 207(e). Such remuneration includes cash taken in-lieu of benefits for those who opt-out of benefits as well as cash paid to employees who do not use the full amount of the health care benefits provided.

38. At all times material herein, the City has failed and refused to provide Plaintiff with overtime compensation at a rate of one and one-half times their regular rate of pay by failing to include such remuneration in calculating the regular rate.

39. The City's refusal to provide overtime pay at the proper rate to Plaintiff for the hours he has worked in excess of his regular schedule wrongly deprives Plaintiff of the FLSA overtime compensation that is due to him at times material herein.

40. At all relevant times, the City has been aware of the provisions of the FLSA. The City's actions and omissions as alleged herein were knowing, willful, bad faith, and reckless violations of 29 U.S.C. section 207 within the meaning of 29 U.S.C. section 255(a).

41. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by the City from Plaintiff for which the City is liable pursuant to 29 U.S.C. sections 216(b) and 255, together with an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and the costs of this action.

42.  The employment and work records for the Plaintiff and those individuals who are similarly situated are in the exclusive possession, custody and control of the City, and the Plaintiff is unable to state at this time the exact amounts owing to him. The City is under a duty imposed by the FLSA, 29 U.S.C. section 211(c), and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff and those individuals who are similarly situated request from the Court the following relief:

A.  A declaratory judgment declaring that the City has willfully, unreasonably, wrongfully, and without good faith, violated its statutory and legal obligations, and deprived each Plaintiff of his/her rights, protections and entitlements under federal law, as alleged herein;

B.  An order for a complete and accurate accounting of all the compensation to which each Plaintiff is entitled;

C.  Judgment against the City awarding each Plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to his/her unpaid compensation, plus pre-judgment and post-judgment interest;

D.  An award of reasonable attorneys' fees, as well as costs and disbursement of this action; and

E.  An award granting such other further relief as the Court deems proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby respectfully request a trial by jury on all claims presented in this Complaint.

Dated: June 20, 2016                    MESSING ADAM & JASMINE LLP

By  */s/ Gary M. Messing*
Gary M. Messing
Jason H. Jasmine
Attorneys for Plaintiff ROBERT WEIST and other similarly situated individuals

# Exhibit A

## CONSENT TO JOIN ACTION

### (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))

I, _Robert G Weist III_, hereby consent to become a plaintiff in a lawsuit to be filed in California under the Fair Labor Standards Act (FLSA). The lawsuit alleges that the City of Davis ("the City"), my employer, failed to properly compensate me and other county employees at the legally-required overtime rate of pay. I am or was employed by the City for part or all of the period covering the three years prior to the date of signing of this consent. This action is being pursued on my behalf and on the behalf of similarly-situated employees of the City pursuant to Section 16(b) of the Fair Labor Standards Act (29 U.S.C. § 216(b)). Unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and other relief are sought in the action.

Signature: _Robert G Weist III_    Date: _7/18/16_

Print Name: _Robert G Weist III_