UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WEIST, on behalf of himself and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF DAVIS,<br><br>Defendant. | Case No. 2:16-cv-01683-LEK<br><br>**ORDER APPROVING FLSA SETTLEMENT**<br><br><br>**The Hon. Leslie E. Kobayashi** |

## I. INTRODUCTION

This action was commenced with the filing of a putative collective action with this Court on July 20, 2016 by Robert Weist ("Named Plaintiff"). The Complaint alleges that the Defendant City of Davis ("City") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay all required overtime compensation due to the Named Plaintiff and similarly situated current and former nonexempt employees of the City. The Complaint sought the recovery of unpaid overtime based on a three-year statute of limitations, as well as liquidated damages, declaratory relief, and attorneys' fees and costs.

Specifically, the Complaint alleges that the City owes back overtime pay to current and former non-exempt employees of the City who received cash-in-lieu of health benefits (hereinafter "cash-in-lieu"), because such payments should have been included in the regular rate of pay used for calculating and paying overtime compensation based on the Fair Labor Standards Act section 29 U.S.C. § 207(e)(4); 29 CFR § 778.215 and rulings in the case of *Flores v. City of San Gabriel*, 824 F.3d 890 (9th Cir. 2016), cert. denied 137 S.Ct. 2117 (2017). Also, pursuant to the *Flores* decision, the Complaint alleges that the City had failed to properly calculate the overtime rate because the plan was not a "bona fide plan" and the City failed to include the entire cash amount the employer contributed for health benefit coverage in the regular rate of pay.

At the time the Complaint was filed, 30 employees of the City of Davis ("Opt-in Plaintiffs") filed a Consent to Join Action as plaintiffs. On November 18, 2016, the City filed an Answer to the Complaint denying the allegations and asserting various defenses.

In addition to the Named Plaintiff and the Opt-in Plaintiffs, it has been determined that there are an additional 222 current and former employees of the City eligible to assert claims for additional compensation based on the allegations in the Complaint. None of these individuals has as yet joined the lawsuit by opting in. These individuals are referred to herein as the Putative Plaintiffs.[1]

---

[1] The Named Plaintiff and the Opt-in Plaintiffs are collectively referred to herein as the Plaintiffs. The Named Plaintiff, Opt-in Plaintiffs and Putative Plaintiffs are collectively referred to herein as

1     Counsel for the Plaintiffs engaged in extensive informal and formal discovery regarding
2  the claims asserted in this lawsuit.   Pursuant to those efforts, the City produced extensive records,
3  including payroll data, timecard records and data relating to its payments to the health benefits
4  plan from 2013 to 2019 as to the Collective Plaintiffs.  Plaintiffs' counsel retained the services of a
5  wage and hour expert, Kirk Koenig, to review, organize, and analyze the information provided and
6  to calculate the damages incurred by each of the Collective Plaintiffs.
7     The Parties engaged in settlement discussions even prior to the filing of the lawsuit and
8  those discussions continued during the pendency of the lawsuit.   However, it ultimately became
9  apparent that the assistance of a third party would be necessary.   Accordingly, on March 12, 2020
10 a mediation was held before the Hon. (Ret.) John True.   The mediation took an entire day and a
11 settlement was reached that evening.
12    Pursuant to that settlement, the City agreed to pay an amount not to exceed $1,268,912.04
13 to settle the claims asserted in the Complaint as to the 253 Collective Plaintiffs.   Of this total
14 settlement amount, an amount not to exceed $943,912.04 is allocated to pay wages and liquidated
15 damages of the Collective Plaintiffs; the remaining $325,000 is allocated to pay the fees and costs
16 incurred by Plaintiffs' attorneys, Messing Adam & Jasmine LLP.   The Parties agreed that the
17 settlement would be contingent on the approval of this Court.
18     Counsel for the Plaintiffs and the City drafted a settlement agreement ("Settlement
19 Agreement") which sets forth the terms of the settlement.   A copy of the Settlement Agreement
20 was provided to each of the 31 Plaintiffs, and all of them have agreed to its terms and have signed
21 the Settlement Agreement.   The City has also signed the Settlement Agreement.
22    On January 12, 2021, the Plaintiffs filed the Motion to Approve FLSA Settlement
23 ("Motion") and supporting papers.  A copy of the fully executed Settlement Agreement is attached
24 as Exhibit 1 to the Declaration of Gary M. Messing in Support of the Motion to Approve FLSA
25 Settlement.  In that motion, the Plaintiffs sought the following orders:

---

28 the Collective Plaintiffs. The Named Plaintiff, the Opt-in Plaintiffs and the Defendant are collectively referred to as the Parties.

00100744-7

2

**[PROPOSED] ORDER APPROVING FLSA SETTLEMENT**

- An order approving the settlement as set forth in the Settlement Agreement;
- An order certifying a collective action of those current and former non-exempt employees of the City whose overtime compensation was not properly calculated and paid as alleged in the Complaint; and
- Orders approving the notification and payment process described in the Settlement Agreement.

The City did not oppose the Motion. On January 29, 2021, this Court conducted the hearing on the Plaintiffs' Motion. Gary M. Messing and James W. Henderson, Jr. appeared telephonically on behalf of the Plaintiffs; Stacey N. Sheston appeared telephonically on behalf of the City. No other individuals appeared at the hearing, and counsel apprised the Court that neither side had received any objections to the Motion.

The Court, having considered the Motion and the supporting papers, the pleadings on file in this lawsuit, and good cause appearing therefore, hereby makes the following findings and orders:

## II. FINDINGS

**1. Certification of Collective Action is reasonable and appropriate.**

In their Motion to Approve FLSA Settlement, the Plaintiffs sought an order certifying that this action can proceed as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA. The Ninth Circuit has held that "plaintiffs are similarly situated, and may proceed in a collective, to the extent that they share a similar issue of law or fact material to the disposition of their FLSA claims." *Campbell v City of Los Angeles,* 903 F.3d 1090, 1117 (9th Cir. 2018). In the present case, all of the potential members of the collective action are either current or former non-exempt employees of the City who participated in the City's 125 Cafeteria Health Benefits Plan during the applicable period. All of these individuals were subject to the City's policy for calculating and paying overtime compensation which is the basis for the FLSA claims asserted in the Complaint. The Court also notes that the City does not oppose the Plaintiffs' Motion, which includes the request that a collective action be certified. Accordingly, this Court finds that the Named, Opt-in and Putative Plaintiffs are all similarly situated and that it is reasonable and appropriate for this

1  action to proceed as a collective action for purposes of settlement pursuant to 29 U.S.C. § 216(b).

2  **2. Bona Fide Disputes Between Plaintiffs and Defendant Regarding Liability Exist.**

3  In order to approve an FLSA settlement, a court must find that one or more bona fide
4  disputes exist between the parties.  "If there is no question that the FLSA entitles plaintiffs to the
5  compensation they seek, then a court will not approve a settlement because to do so would allow
6  the employer to avoid the full cost of complying with the statute." *Selk v. Pioneers Memorial*
7  *Healthcare District,* 335 F.Supp.3d 1164, 1172 (S.D. Cal. 2014).  A bona fide dispute exists where
8  there are legitimate questions about the existence and extent of a defendant's liability and there is
9  some doubt that the plaintiffs would succeed on the merits of their FLSA claims in the litigation.
10 *Ibid.*  The Plaintiffs submit that there are several bona fide disputes between the Plaintiffs and the
11 City regarding the claims asserted in this case.   The bases for these bona fide disputes are
12 discussed in detail in the Declaration of Gary M. Messing in Support of Motion to Approve FLSA
13 Settlement ("Messing Decl.")  (Doc. 70-2), and specifically in paragraphs 15-20 of his
14 Declaration.  These disputes include 1) whether the City's health benefits plan is a bona fide plan
15 pursuant to the FLSA, 2) if there are any damages, whether those damages are to be calculated
16 using a 1.5 multiplier or a .5 "floating divisor" multiplier, 3) whether the Collective Plaintiffs are
17 entitled to recover liquidated damages, and 4) whether a two year or three year statute of
18 limitations applies.  Based on the information provided in the moving papers, including Mr.
19 Messing's Declaration, the Court finds that each of the disputes described above is a bona fide
20 dispute, which weighs in favor of approving the settlement.

21 **3. The Settlement Amount Payable to the Collective Plaintiffs is Fair and Reasonable.**

22 After determining that a bona fide dispute exists, the court must determine whether the
23 settlement is fair and reasonable.  *Nen Thio v. Genji, LLC,* 14 F.Supp.3d 1324, 1333 (N.D. Cal.
24 2014); *Selk,* 159 F.Supp.3d at 1172.  In this case, the settlement amount payable to the Collective
25 Plaintiffs (excluding attorneys' fees and costs) is $943,912.04 (Settlement Agreement, Section 1
26 (A)).  In *Selk,* the court adopted a "totality of circumstances" approach for determining whether a
27 settlement was fair and reasonable and considered the following factors: "(1) the plaintiff's range
28 of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the

seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion." *Ibid.,* at 1173.  "In considering these factors under a totality of the circumstances approach, a district court must ultimately be satisfied that the settlement's overall effect is to vindicate, rather than frustrate, the purposes of the FLSA." *Id.*

The possible range of recovery was discussed at length by Mr. Messing in his Declaration in paragraphs 27-32.  This analysis was based on calculations prepared by the Plaintiffs' damages consultant Kirk Koenig.  As indicated in Mr. Messing's Declaration, determining a range of recovery was difficult given the number of bona fide disputes and how those might be resolved at trial.  However, some of the possible outcomes indicated a potential recovery well below the settlement amount, including the possibility of a recovery of less than $100,000.   Messing Decl., para. 32.  Accordingly this Court concludes that the possible range of recovery weighs in favor of a finding that the settlement is fair and reasonable.

With respect to the stage of proceedings and the amount of discovery completed, a settlement was reached more than three years after the Complaint was filed and after extensive discovery, investigation and analysis by Plaintiffs' counsel and Plaintiffs' consultants.   This also supports a finding of a fair and reasonable settlement.  As to the seriousness of the litigation risks faced by the parties, as discussed above, the various bona fide disputes created a great deal of uncertainty on both sides regarding the outcome if this matter had gone to trial.   This also supports a fair and reasonable settlement.

Regarding the scope of the release provision, this Court has reviewed the Settlement Agreement and the scope of the release.  The Settlement Agreement expressly limits the release to the FLSA claims asserted in the Complaint and has no application to any future claims that any of the Collective Plaintiffs might have. See Settlement Agreement, Section 4.  This also weighs in favor of a finding of a fair and reasonable settlement. Regarding the experience and views of counsel and opinions of participating plaintiffs, the Declarations of Mr. Messing and James W. Henderson, Jr., another counsel representing the Plaintiffs (Doc. 70-3), satisfies this Court that

each of them are experienced attorneys regarding FLSA litigation, and the Court finds persuasive the views expressed in their Declarations that this settlement is appropriate. With respect to the opinion of the Named and Opt-in Plaintiffs, counsel for the Plaintiffs has represented that all 31 of the Named and Opt-in Plaintiffs have been provided with a full copy of the Settlement Agreement and are signatories, as is the City. This factor also weighs in favor of a finding of a fair and reasonable settlement.

The court can find no evidence that there has been any fraud or collusion on the part of the parties or their counsel. The Court notes that the settlement was reached in the fourth year of the litigation and only after a full day of mediation. This factor also supports the approval of the settlement.

In summary, a consideration of the *Selk* factors as discussed above results in a finding that the settlement amount of $943,912.04 to the Collective Plaintiffs is fair, reasonable and appropriate.

**4.  The Requested Attorney's Fees are Fair and Reasonable.**

The FLSA provides for an award of attorney's fees in a collective action. 29 U.S.C. § 216(b). The "'award of an attorney's fee is mandatory, even though the amount of the award is within the discretion of the court.'" *Gary v. Carbon Cycle Arizona LLC,* 398 F.Supp.3d 468, 485 (D. Ariz. 2019) (quoting *Houser v. Matson,* 447 F.2d 860, 863 (9th Cir. 1971). The court must assess the reasonableness of the attorney's fee award when included in a proposed settlement of an FLSA claim. *Selk,* 159 F.Supp.3d at 1180.

The Settlement Agreement provides that the City shall pay the Plaintiffs' attorney's fees and costs in the amount of $325,000 (Settlement Agreement, Section 1(E)). Of that amount, Plaintiffs' counsel is seeking $221,358.98 in legal fees and $103,641.02 in costs. Messing Decl., para. 35. Mr. Messing discusses the claimed attorney's fees in paragraphs 41-56 of his Declaration. In addition, Mr. Messing has attached copies of his firm's attorney time records to his Declaration as Exhibit 2.

In assessing the reasonableness of the claimed attorney's fees, the Court has noted that the amount claimed is reasonable under both the percentage of the common fund and the lodestar

analyses used by courts in determining attorney's fees.  Additionally, Plaintiffs' counsel points out that had they used their standard hourly rates their fees would have been $86,000 more than the amount they are seeking.  The Court does not find that the hours billed by Plaintiffs' counsel were unreasonable or excessive and under all of the analyses discussed above the fees requested are appropriate.  Accordingly, the Court finds that the amount of attorney's fees requested ($221,358.98) is fair and reasonable.

### 5. The Costs Incurred by Plaintiffs' Counsel are Fair and Reasonable.

The FLSA also provides for an award of costs.  29 U.S.C. § 216(b).  "An attorney is entitled to "recover as part of the award of attorney's fees those out-of -pocket expenses that would normally be charged to a fee paying client.'" *Flores v. TFI International Inc.,* 2019 WL 1715180 at *11(N.D. Cal. April 17, 2019), quoting from *Harris v Marhoefer,* 24 F.3d 16, 19 (9<sup>th</sup>Cir. 1994).  "To support an expense award, Plaintiffs should file an itemized list of expenses by category and the total amount advanced for each category, allowing the Court to assess whether the expenses are reasonable." *Ibid.*  As noted above, the Plaintiffs are seeking approval of the reimbursement to the counsel of expenses totaling $103,641.02.  See Messing Decl., paras. 57-58 and Exhibits 3-5.  Plaintiffs' counsel has acknowledged that $99,061.24 of the costs were paid to consultants retained to analyze and determine the damages.  However, as set forth in the Declarations of both Mr. Messing, and Kirk Koenig, the primary financial consultant retained in this case, the damage issues presented in this case were many and complex.   Messing Declaration, paras. 22-24 and 57; Declaration of Kirk Koenig (Doc. 70-4), paras. 5-8.  Based on its review of the Messing and Koenig Declarations and exhibits as well as its understanding of the issues relating to this case, this Court finds that the costs reflecting charges by the financial consultants, including Mr. Koenig, are fair and reasonable.   The Court also finds the other claimed costs to be fair and reasonable. Accordingly, the law firm of Messing Adam and Jasmine LLP is entitled to the total payment of $325,000, which includes $221,358.98 for attorney's fees and $103,641.02 for reimbursement of costs.

### 6. The Notification and Payment Process for the Putative Plaintiffs is Fair and Reasonable.

The Settlement Agreement provides the procedures to be used by the City to notify the Putative Plaintiffs and to pay the Putative Plaintiffs who agree to and comply with the terms of the Settlement Agreement.  Those provisions are found in Section 1(C) of the Settlement Agreement. The Court will not list out all of those procedures in this Order.  However, the Court has reviewed those procedures and concludes that they are appropriate.  The Court therefore finds that the procedures set forth in the Settlement Agreement for providing notice to the Putative Plaintiffs and for paying those Putative Plaintiffs to be fair and reasonable.

**7. The Court approves the designation of The Center for Workers' Rights as the Recipient of Any *Cy Pres* Funds.**

Section 1(D) of the Settlement Agreement provides that if any Plaintiff who agrees to the Settlement Agreement but fails to timely negotiate any settlement check sent to him or her by the City pursuant to that settlement, that Plaintiff's share shall instead be considered as *cy pres* funds and shall instead be paid to The Center for Workers' Rights, 2741 Fruitridge Road, Suite 5, Sacramento, CA 95820.  The Court finds this process to be fair and reasonable.

**8. The Remaining Portions of the Settlement Agreement are Fair and Reasonable.**

The Court has reviewed the Settlement Agreement and its exhibits.   To the extent that the provisions of the Settlement Agreement have not been discussed above, the Court finds that those provisions are fair and reasonable and that the Settlement Agreement in its totality is fair and reasonable as to the Collective Plaintiffs.

## III. ORDERS

Accordingly, the Court, having found good cause to do so, hereby orders as follows:

That this action is certified as a collective action pursuant to 29 U.S.C. § 216(b) consisting of the 253 individuals listed in Exhibit 2 to the Settlement Agreement;

That the Motion to Approve FLSA Settlement be and is granted;

That the Settlement Agreement is approved as fair and reasonable in its entirety;

That the City of Davis shall perform the process of notifying the Putative Plaintiffs of the settlement of this action and the procedure for participating in the settlement in accordance with the provisions of Section 1(C) of the Settlement Agreement;

1    That the City of Davis shall pay to each Collective Plaintiff who agrees in writing to the terms of the Settlement Agreement as specified by Section 1 of the Settlement Agreement and submits a signed Consent to Join Action, the sum or sums due each such individual as set forth in Exhibit 2 of the Settlement Agreement and pursuant to the terms of Section 1 of the Settlement Agreement; provided that each such Collective Plaintiff has timely complied with the requirements for participating in the settlement;

That the Defendant City of Davis shall pay the Law Firm of Messing Adam & Jasmine LLP the total sum of $325,000.00 for attorney's fees and incurred costs pursuant to Section 1(E) of the Settlement Agreement;

That The Center for Workers' Rights, 2741 Fruitridge Road, Suite 5, Sacramento, CA 95820 (916) 905-5857 is approved as the recipient of any *cy pres* funds payable pursuant to the provisions of Section 1(D) of the Settlement Agreement;

That this action shall be dismissed in accordance with the provisions of Section 2 of the Settlement Agreement as to each Collective Plaintiff who has filed or will file a Consent to Join Action;

That, except as provided in the Settlement Agreement and as otherwise provided in this Order, the Parties shall each bear their own attorney's fees and costs of suit incurred in this action;

That the City shall timely serve and file "Settlement Status Reports" pursuant to Section 1(C) of the Settlement Agreement; and

This Court shall retain jurisdiction with respect to any issues involving or relating to the interpretation or enforcement of the terms of this Order and the Settlement Agreement.

**SO ORDERED.**

Dated:  HONOLULU, HAWAII, February 12, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge